IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHAZARIUS HARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:26-cv-517-MHT-JTA |
| | ) | |
| DONALD VALENZA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Chazarius Harden, a prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983. (*See* Docs. No. 1 & 2.) On June 26, 2026, the Clerk of Court issued a Notice of Deficiency instructing Plaintiff to either pay the requisite $350.00 filing fee and $55.00 administrative fee or file an application for leave to proceed *in forma pauperis* no later than July 10, 2026. (Doc. No. 3.) The Notice specifically cautioned Plaintiff that his failure to timely comply may result in the dismissal of this case. (*Id.*) Nevertheless, a month has passed since the imposed deadline, and Plaintiff has failed to submit the requisite fees or an *in forma pauperis* application as directed.[1]

A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and

[1] On July 14, 2026, the United States Postal Service returned the Notice of Deficiency as undeliverable (*see* Doc. No. 4), which indicates that Plaintiff is no longer located at his address of record and thus did not receive the Court's directive to either pay the requisite fees or file an *in forma pauperis* application. Nevertheless, because Plaintiff has not filed a notice of change of address with the Court, the Court does not have an address at which to forward Plaintiff's mail or any other means by which to further contact Plaintiff.

expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962) (finding this authority "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts"); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion" (citations omitted)).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

In this instance, Plaintiff has wholly failed to comply with the Notice of Deficiency issued on June 26, 2026 (Doc. No. 3), despite its express directives and admonition, and this action cannot proceed without payment of the requisite fees or the granting of *in forma pauperis* status. Consequently, the undersigned concludes that this action is due to be dismissed without prejudice and that no lesser sanction than dismissal would be effective.

Accordingly, based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that, no later than **August 24, 2026**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation. Additionally, such failure waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc), *overruled by Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute*, Federal Magistrates Act, Pub. L. No. 111-16, 123 Stat. 1608 (codified as amended at 28 U.S.C. § 636(b)(1) (2009)); *accord* 11th Cir. R. 3-1.

DONE this 10th day of August, 2026.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE